**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1141
_____

BARBARA J. PENNINGTON,
                                    Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-00834)
District Judge:  Honorable Gustave Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2017

Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 21, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Barbara Pennington appeals from the District Court's order affirming the denial of Disability Insurance Benefits under the Social Security Act by the Commissioner of Social Security ("the Commissioner"). We will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. On February 8, 2006, Pennington filed an application for Disability Insurance Benefits under the Social Security Act, alleging that she was disabled beginning October 16, 1993, due to a back injury and allergies. Pennington's application was denied. Pennington requested a hearing before an administrative law judge ("ALJ"). After a hearing at which Pennington proceeded pro se, the ALJ denied Pennington's application in a decision issued June 3, 2008, finding that Pennington was not disabled. Pennington then obtained counsel, who requested that the Appeals Council review the ALJ's decision; counsel submitted exhibits to the Appeals Council which were not before the ALJ. The Appeals Counsel denied review.

Pennington then filed a counseled complaint challenging the ALJ's decision. After the Commissioner filed an answer, the parties filed motions for summary judgment. The District Court denied Pennington's motion for summary judgment, granted the Commissioner's motion for summary judgment, and entered judgment in favor of the Commissioner. Pennington appeals.[1]

II.

___

[1] Pennington has filed a motion to submit additional documents and a supplemental motion to expand the record to include exhibits not presented to the ALJ, the Appeals Council, or the District Court. The Commissioner opposes this motion.

The District Court had subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction to review the District Court's decision under 28 U.S.C. § 1291. Our review is limited to determining whether substantial evidence supports the ALJ's finding that Pennington was not disabled. 42 U.S.C. §§ 405(g), 1383(c); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). "'Substantial evidence' has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). We exercise plenary review over the District Court's determination of legal issues, including whether it was proper for the District Court to decline to remand the matter to the ALJ for consideration of new evidence. See Matthews v. Apfel, 239 F.3d 589, 591 (3d Cir. 2001).

### III.

The District Court properly held that it could not consider any evidence that was not part of the record considered by the ALJ. See Matthews, 239 F.3d at 594 (citing Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991)). When a claimant seeks to rely on evidence that was not before the ALJ, a district court has the option to remand the case to the Commissioner for consideration of that evidence under the sixth sentence of § 405(g), but only if the evidence is "new" and "material," and only if the claimant shows good cause why it was not presented to the ALJ. 239 F.3d at 592, 594. The burden was on Pennington to make this showing. Id. at 595. "[S]ixth-sentence remand is appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that

3

proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). "The fact that a claimant is unrepresented by counsel and has knowingly waived this right is not alone sufficient for remand." Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980).

Pennington submitted a statement from Dr. John Boor, dated August 4, 1995, and insurance forms dated October 14, 1994 through August 10, 1995, to the Appeals Council. The submissions presented, inter alia, Dr. Boor's detailing of Pennington's medical condition and a checked box indicating that Pennington could not work and that release to full time duty was indeterminate. The District Court determined that the evidence presented from Dr. Boor was not new as Dr. Boor made his assessment 13 years prior to the ALJ's decision. The District Court also determined that the evidence was not material as Dr. Boor provided no explanation for his assessment that Pennington could not work. Finally, the District Court concluded that Pennington knowingly waived her right to counsel and was able to submit numerous records to the ALJ and present her case at the hearing. Thus, her pro se status did not constitute good cause. We agree.

Pennington raises the following claims for the first time on appeal: (1) the ALJ violated her due process rights, (2) she was under undue influence when she proceeded pro se at the hearing, and (3) the SSA and ALJ failed to accept records. These arguments were not presented to the District Court and are therefore waived. See C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010).

Additionally, Pennington's claim that the ALJ improperly weighed opinion evidence is also waived. Before the District Court Pennington argued only that the Appeals Council erred in failing to find that the later submitted evidence from Dr. Boor

4

was new and material evidence that Pennington was under disability. It is clear that Pennington sought review only under sentence six of § 405(g), not under sentence four, and the District Court disposed of the claim as such. See Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (noting that the two types of remand provided for in § 405(g) are distinct). Thus, Pennington's argument that the District Court erred in finding the ALJ's decision was supported by substantial evidence is waived. Moreover, even if Pennington had sought sentence four review, Pennington did not present to the District Court the argument that the ALJ improperly weighed the opinion evidence, giving too much weight to Dr. Tomacruz and too little weight to Dr. Boor, Dr. Der Krikorian, and Dr. Ahmed. It is well-established that "it is inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the district court." Wright v. Corning, 679 F.3d 101, 105 (3d Cir. 2012) (quoting Lloyd v. HOVENSA, 369 F.3d 263, 272-73 (3d Cir. 2004)).

However, even if the claim were not waived, it is meritless. While an ALJ must generally give great weight to a claimant's treating physician, an ALJ may discredit the treating physician's opinion if other evidence contradicts it. 20 C.F.R. § 416.927(c); see also Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).

The ALJ considered the opinion of Dr. Der Krikorian in July 1994, that Pennington should "stay away from work" and the opinion of Dr. Ahmed in November 2006, that Pennington was unable to stand or walk for more than one hour, or sit for more than one half hour in an eight-hour period, but gave them little weight. Tr. at 26. The

5

ALJ found that these opinions were inconsistent with the clinical and objective findings on and prior to the date last insured. Id. at 27. Specifically, the ALJ cited the MRI performed in May 1994, which revealed no evidence of disc herniation or significant spinal stenosis; the physical therapy evaluation in May 1994, which showed a normal gait and only mild decrease in lower extremity strength; and a physical examination by Dr. Tomacruz in December 1999, in which Pennington exhibited a full range of motion in her extremities. Id. at 23-24. Additionally, the ALJ noted that, despite his opinion that Pennington should stay away from work for a period of time, Dr. Der Krikorian concluded that Pennington's condition did not require surgical intervention and recommended only physical therapy. Id. at 24. Moreover, the ALJ noted that Dr. Ahmed's examination determined that Pennington had a full range of motion in the lumbar spine, and that his opinion regarding her ability to walk and sit was largely based on Pennington's subjective complaints. Id. at 27. Contrary to Pennington's assertion, the ALJ did not accept Dr. Tomacruz's opinion over the opinions of Dr. Der Krikorian and Dr. Ahmed on the issue of Pennington's residual functional capacity, as Dr. Tomacruz did not opine on that issue. Finally, as discussed supra, Pennington did not submit Dr. Boor's assessments to the ALJ. Accordingly, the ALJ considered and afforded proper weight to the opinion evidence before him, and the ALJ's finding is supported by substantial evidence.

6

IV.

In conclusion, we will affirm the judgment of the District Court. Pennington's motions to submit additional documents and to expand the record are denied.