**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3317
_____

VIRGINIA MILLER,
                            Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-00521)
Magistrate Judge: Honorable Richard A. Lloret
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2018

Before: AMBRO, SCIRICA, and SILER, Jr.♦, Circuit Judges

(Opinion Filed: May 3, 2018)

_____

OPINION*
_____

---

♦ Honorable Senior Judge Eugene E. Siler, Jr., Circuit Court Judge for the Sixth Circuit
Court of Appeals, sitting by designation.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SILER**, *Circuit Judge*

Virginia Miller appeals the district court's order affirming an administrative law judge's (ALJ) denial of her claim for Social Security Disability Insurance Benefits (DIB). For the reasons that follow, we will affirm the judgment below.

## I.    Facts and Procedural Background

In 2009, Miller tripped on uneven pavement and struck her head on the ground. She experienced a traumatic brain injury that resulted in recurrent post-concussion syndrome. Prior to her injury, Miller was a practicing attorney. In 2011, she applied for DIB pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq. An ALJ held a hearing in 2013, in the presence of Miller, her attorney, and a vocational expert. At the time of the hearing, Miller was forty-eight years old and lived alone. She claimed that her post-concussion condition caused her to suffer severe migraines several times a week, which made her unable to carry out daily activities.

In 2014, the ALJ issued a decision denying Miller's DIB application. In reaching his conclusion, the ALJ weighed the record as a whole, crediting some expert reports and discounting others. The ALJ found that Miller experienced the alleged symptoms but that her statements concerning the intensity, persistence, and limiting effect of said symptoms were not credible.

> Objective diagnostic testing (i.e., MRI, CT scan, EEG) has been normal. [Miller] has had no significant functional deficits due to her headaches. She has no motor or sensory deficits. She has a normal gait and has had no loss of balance. Her headaches have improved with medication. The medical record indicates that her sensitivity to light has much improved.

2

*Id.* Despite her symptoms, Miller still cooked, drove, shopped, attended church, watched television, traveled, socialized with friends, cared for her dogs, and even completed a continuing legal education course. Accordingly, the ALJ found that Miller was not disabled because she was capable of performing light work, on her own, in a quiet environment. Although she could not pursue her prior employment as a litigator, the ALJ ruled that Miller could find other gainful employment:

> [C]onsidering the claimant's age, education, work experience, and residual functional capacity [RFC], the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

Miller sought review of the ALJ's decision by the Appeals Council. While her appeal was pending, she submitted new records from a Veteran's Affairs (VA) physician, Dr. H. Branch Coslett, who stated that Miller's conditions made it unlikely that she would be able to resume work. Miller also presented VA records documenting her ongoing struggle with migraines. The Appeals Council examined the additional evidence, found that these new medical records would not reasonably change the ALJ's decision, and denied Miller's request for review, thereby rendering the ALJ's decision final. Miller next sought judicial review in the Eastern District of Pennsylvania. The parties consented to a magistrate judge's jurisdiction under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

Miller asked the district court[1] to remand her case based on the fourth sentence of 42 U.S.C. § 405(g): "The court shall have power to enter . . . a judgment affirming,

---

[1] We refer to the decision below as that of the district court because the magistrate judge, pursuant to a consent decree, functioned as a district judge. *See* 28 U.S.C. § 636(c).

3

modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The district court denied Miller's request and entered judgment in favor of the Commissioner. The district court found that substantial evidence supported the ALJ's credibility determination, RFC assessment, and evaluation of Miller's headaches. To the extent that Miller referenced the after-acquired evidence submitted to the Appeals Council, the district court explained that this post-decision evidence was not properly presented for consideration. Miller neither alleged, nor explained, how such evidence was new and material and why there was good cause for not submitting the evidence sooner. Therefore, the district court held that the ALJ did not err and that remand was not warranted.

## II.    Discussion

Although Miller only sought relief under the fourth sentence of 42 U.S.C. § 405(g) at the district court, on appeal she argues—for the first time—that her case should be remanded under the sixth sentence of § 405(g), which provides a distinct form of relief. The sixth sentence states that the district court may remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

The government responds that Miller waived the sixth-sentence argument by failing to raise it below. Alternatively, the government contends that, even if Miller did not waive this argument, the post-decision evidence was not material and would not change the outcome of the ALJ's ruling. Finally, although the government does not ask

4

us to reach the merits of the ALJ's decision, it argued below that substantial evidence supported a finding of no disability. We will address each issue in turn.

### a. Waiver of § 405(g) Sixth-Sentence Remand

This court will "generally refuse to consider issues that are raised for the first time on appeal." *Frank v. Colt Ind., Inc.*, 910 F.2d 90, 100 (3d Cir. 1990). Here, although Miller could have requested that the district court remand her case pursuant to sentence six of § 405(g), she did not do so. Thus, this claim was waived. *See McLain v. Comm'r of Soc. Sec.*, 676 F. App'x 935, 940 (11th Cir. 2017) (finding that the appellant waived his claim to a sentence six remand when it was not sought at the district court); *cf. Pennington v. Comm'r of Soc. Sec.*, 683 F. App'x 168, 171 (3d Cir. 2017) (finding that the appellant waived his request for a sentence four remand when he only sought review under sentence six of section 405(g) at the district court level).

To qualify for a remand under sentence six of § 405(g), Miller needed to show that the post-decision evidence was both new and material, and that she had good cause for failing to provide it to the ALJ. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001). As the district court correctly held, Miller never alleged or showed that these criteria were satisfied.[2] Moreover, a district court "cannot look to evidence never presented to

---

[2] In a footnote of its opinion, the district court referenced a treatment note from VA neurologist Dr. Coslett that post-dated the ALJ's decision.

> Miller also cites to Dr. Coslett's March [1]8, 2014 records . . . which stated that Miller still experienced post-traumatic stress migraines. Miller does not argue that this post-decision evidence warrants remand under 42 U.S.C. § 405(g), which requires a showing that the evidence is (1) new; (2) material; and (3) good cause exists for not presenting the

the ALJ in determining whether that decision was supported by substantial evidence[.]"

*Thompson v. Halter*, 45 F. App'x 146, 149 n.2 (3d Cir. 2002).

At the district court, Miller simply argued that the ALJ erroneously denied her DIB because it improperly evaluated her credibility, disregarded the opinions of her physicians, and failed to address the work limitations caused by her headaches. She did not ask the district court to remand on the basis of newly acquired evidence. In other words, Miller only requested that the district court reverse and remand under the fourth sentence of § 405(g). By contrast, the sixth sentence of § 405(g) "describes an entirely different kind of remand." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). Unlike a fourth sentence remand, when a district court acts under sentence six of § 405(g), it does not "rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Thus, by failing to seek relief under the sixth sentence of § 405(g), Miller waived the opportunity for her benefits ruling to be reviewed in light of the new evidence.

### b. After-Acquired Evidence Was Immaterial

Even if Miller had attempted to make the requisite showings of newness, materiality, and good cause with respect to the after-acquired VA treatment records and evidence, remand would have been unnecessary. "To be material, there 'must be a

_____

evidence to the ALJ. Therefore, I need not reach whether remand is warranted on this ground.

6

reasonable probability that the new evidence would have changed the outcome' of the Commissioner's decision." *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 F. App'x 743, 747 (3d Cir. 2009) (quoting *Szubak v. Sec'y of Health and Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984)). The evidence Miller sought to introduce related to a later time and showed improvement, rather than deterioration, in her health. Thus, the district court correctly held, in the alternative, that no remand was warranted.

Dr. Coslett's 2014 treatment note may have asserted that Miller was unlikely to be able to return to work "at this point," but it also stated that Miller's headaches were still improving; that Imitrex IM was "quite useful" for her symptoms; that she was "volunteering with a dog rescue" in her free time; and that she was even "hoping to do occasional legal [work] at a friend's firm." Therefore, this after-acquired hearing evidence showed continued improvement in Miller's condition rather than a precipitous decline that would cause the ALJ to abandon the outcome of his decision. Accordingly, the district court did not err when it held that the additional evidence was immaterial and would not change the outcome of the ALJ's decision.

Additionally, Miller failed to show good cause for the after-acquired VA medical records. *See Beety-Monticelli*, 343 F. App'x at 747. Dr. Coslett's March 18, 2014 treatment record was prepared eleven days after the ALJ's decision. Miller presumably could have asked the ALJ to keep the record open for a few additional days, until after her appointment with Dr. Coslett.

### c. Substantial Evidence Supports ALJ's Decision

Finally, although Miller does not directly challenge the district court's finding that substantial evidence supported the ALJ's decision, we believe it is worthwhile to address this point. In reviewing the district court's decision affirming the ALJ, our role is identical to that of the district court: to determine whether "substantial evidence" supports the Commissioner's decision. *See* 42 U.S.C. § 405(g); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). "Substantial evidence" means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). It is a highly deferential standard that is satisfied by "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Id.*

A claimant is disabled if she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905; *see also Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 503 (3d Cir. 2009).

Here, the ALJ held that Miller was not disabled within the meaning of the Social Security Act. "[T]he ALJ conducted an extensive RFC analysis that included a summary of each of Miller's medical providers, the consultative examiners, and Miller's subjective complaints, to conclude that Miller was capable of light work with additional limitations." Additionally, the ALJ found that despite Miller's allegations of "a debilitated lifestyle, the evidence demonstrated that [Miller] is socially active, travels, and takes care of personal needs without assistance." Accordingly, the district court did

not err when it found substantial evidence—more than a mere scintilla but less than a preponderance—supported the ALJ's credibility determination and RFC assessment.

### III.  Conclusion

For the foregoing reasons, we will affirm the judgment of the district court.