[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11381
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00237-GKS-KRS

THOMAS SCOTT HENRY,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 5, 2015)

Before MARCUS, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Thomas Scott Henry appeals the district court's decision affirming the Social Security Administration's denial of his application for disability insurance benefits and supplemental security income.

On appeal, Henry argues that the Administrative Law Judge (ALJ) erred by (1) refusing to give proper weight to the opinion of Dr. Barber, a consultative examining physician, and (2) finding Henry's 2012 testimony not credible and failing to consider his vision limitations when evaluating his residual functional capacity (RFC).  After reviewing the parties' briefs, we conclude the ALJ erred in both respects.  Therefore, we reverse the decision of the district court and remand for further proceedings consistent with this opinion.

## I.  Background

In October 2011, after two hearings, the ALJ issued a written decision determining Henry did not suffer from a disability recognized under the Social Security Act.  The Appeals Council vacated the ALJ's decision and remanded for more thorough consideration and explanation of Henry's RFC and the weight given to certain portions of the medical evidence.  The ALJ conducted a third hearing in November 2012, at which Henry testified to his continued and increasing back pain, lack of treatment since September 2011, and worsening vision.  In February 2013, the ALJ again determined Henry was not disabled, finding that Henry's testimony was not credible as to the severity of his symptoms

2

and giving limited weight to the opinion of Dr. Barber that Henry could not sit for extended periods of time.  After the Appeals Council declined to review the ALJ's decision, Henry sought federal judicial review.  The magistrate judge prepared a written report and recommendation (R&R), to which neither Henry nor the Commissioner objected, recommending reversal.  In a brief opinion, the district court rejected the magistrate judge's recommendation and affirmed.  This appeal followed.

## II.  Legal Standards

We review de novo the legal principles upon which the ALJ relied, but we are limited to assessing whether the ALJ's resulting decision is supported by substantial evidence.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).  In social security cases where "the ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  Our review is "the same as that of the district court," *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), meaning we neither defer to nor consider any errors in the district court's opinion, *see Syed v. Comm'r*, 441 Fed. App'x 632, 632 n.1 (11th Cir. 2011) (per curiam).[1]

---

[1] Cases printed in the Federal Appendix are cited as persuasive authority.

The ALJ has a basic duty to develop a full and fair record. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam). This is an onerous task, as the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (internal quotation marks omitted). In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole. *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985) (per curiam) (internal quotation marks omitted). Remand for further factual development of the record before the ALJ is appropriate where "the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown*, 44 F.3d at 935 (internal quotation marks omitted).

Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation mark omitted). It is not for this court to "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[] the evidence." *Moore*, 405 F.3d at 1211. Indeed, "[e]ven if the evidence preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (per curiam) (emphasis added)

(internal quotation marks omitted).  Yet, we must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

### III.  Discussion

A. <u>ALJ's Rejection of Dr. Barber's Opinion</u>

The ALJ's determination that Dr. Barber's opinion should be given less weight than other medical opinions on the record is not supported by substantial evidence.  The ALJ inappropriately assessed the credibility of Dr. Barber's opinion based on a negative inference from Henry's failure to seek additional medical treatment and without regard for Henry's ability to pay for such treatment.

The Social Security regulations require the ALJ to consider many factors when evaluating medical opinion evidence.  *See* 20 C.F.R. § 404.1527(d).  The ALJ may consider the level or frequency of treatment when evaluating the severity of a claimant's condition, but the regulations specifically prohibit drawing "any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide."  Social Security Regulation 96-7p (SSR 96-7p) at 7.  When the ALJ "primarily if not exclusively" relies on a claimant's failure to seek treatment, but does not consider any good cause explanation for this failure, this court will remand for further consideration.

5

*Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam) (internal quotation marks omitted); *accord Beegle v. Soc. Sec. Admin., Comm'r*, 482 Fed. App'x 483, 487 (11th Cir. 2012) (per curiam).  However, if the ALJ's determination is also based on other factors, such as RFC, age, educational background, work experience, or ability to work despite the alleged disability, then no reversible error exists.  *Ellison*, 355 F.3d at 1275.

Here, the ALJ erred by basing the credibility of Dr. Barber's opinion on a negative inference, drawn from Henry's failure to seek additional medical treatment.  The ALJ discredited Dr. Barber's opinion as inconsistent with Henry's "limited and conservative treatment," specifically citing Henry's failure to seek hospitalization, narcotics, or steroidal injections.  Despite Henry's statement that he is unable to pay for continued medical treatment, including chiropractic care, the ALJ neither developed the record nor addressed Henry's financial ability to pursue a more rigorous course of treatment.  As such, the ALJ failed to consider any good cause explanations for failure to seek medical treatment and dispel any inconsistencies with Dr. Barber's assessment.  *See id.*  Though the ALJ mentioned that Henry was "able to work for nearly a decade after his back was injured," and over-the-counter medication made the pain tolerable, these clauses appear in the middle of a paragraph wholly discussing Henry's "conservative treatment"; the

6

ALJ did not analyze them further.[2]  The negative inference therefore impermissibly served as the ALJ's "primar[y] if not exclusive[]" reason for rejecting Dr. Barber's opinion.  *See id.*; SSR 96-7p at 7.  The ALJ's decision to afford Dr. Barber's opinion limited weight is not supported by substantial evidence and, accordingly, we reverse in this respect.

B.  ALJ's Credibility Assessment of Henry's Testimony and RFC Determination

Henry also argues that the ALJ erred in assessing the credibility of his 2012 testimony concerning his back symptoms and vision limitations when evaluating his RFC.  As indicated above, we review the ALJ's decision for substantial evidence, but neither make credibility determinations of our own nor re-weigh the evidence.  *See Moore*, 405 F.3d at 1211.  Here, the ALJ's RFC determination is not supported by substantial evidence because the record is underdeveloped with respect to both whether financial status prevented Henry from receiving alternate treatment for his back pain and the extent of his visual impairment.

The government contends that Henry waived these arguments by failing to raise them in the district court.  However, the record reflects that Henry argued in the district court that the ALJ erred substantively in finding that his testimony was not credible with respect to the extent of his back pain and the role vision

---

[2] In fact, the record reflects that Henry received Tramadol, a narcotic-like medication used to treat severe pain, from a free clinic.  The magistrate judge emphasized this piece of evidence in the R&R to indicate that the ALJ's rejection of Dr. Barber's opinion was not supported by substantial evidence.  As the magistrate judge wrote, "[u]se of strong pain medication is not consistent with the finding that Henry's treatment was conservative."

7

impairment played in forming the RFC assessment.  Though Henry does not specifically argue that the ALJ failed to develop a full and fair record, this argument falls within our review of his substantial evidence claim.  Our jurisdiction encompasses not only those issues that a party "expressly referred to" but also those "impliedly intended for appeal."  *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1080 (11th Cir. 2003) (internal quotation marks omitted) (discussing scope of jurisdiction in tortious business interference matter); *see also* Fed. R. App. P. 3(c)(1)(B); *Smith v. Barry*, 502 U.S. 244, 248, 112 S. Ct. 678, 681 (1992) ("Courts will liberally construe the requirements of Rule 3.").  It is impossible to review whether the ALJ's decision is supported by substantial evidence if the record is not fully and fairly developed.  *See Cowart*, 662 F.3d at 735.  Thus, when Henry challenged whether there was substantial evidence supporting the ALJ's determination of the credibility of his 2012 testimony and the RFC assessment, a challenge to the sufficiency of the record was implied in his appeal.  Accordingly, Henry has not waived this argument.

The ALJ's determination that Henry's 2012 testimony is not credible is not supported by substantial evidence because the ALJ failed to fully and fairly develop the record with respect to Henry's ability to pursue a more rigorous course of treatment.  *See id.*  Here, the ALJ discredited Henry's testimony for the same reasons that he gave little weight to Dr. Barber's opinion—that Henry worked after

8

his initial injury, received "conservative treatment," and did not take narcotics. The ALJ had an obligation to "scrupulously and conscientiously probe" into the reasons underlying Henry's course of treatment, yet there is nothing in the record indicating the ALJ inquired into or considered Henry's financial ability to seek an alternate treatment plan. Instead, the ALJ focused on the absence of aggressive treatment as a proxy for establishing disability. Absent proper factual development, we cannot say there is "such relevant evidence as a reasonable person would accept as adequate to support [the] conclusion" that Henry's testimony is not credible. *See Winschel*, 631 F.3d at 1178 (internal quotation marks omitted). Furthermore, in the absence of additional information regarding Henry's financial ability to seek alternate treatment, the ALJ could not fairly assess the severity of Henry's back pain and potential disability. *See Brown*, 44 F.3d at 934.

Similarly, the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to develop the record regarding Henry's vision limitations. A vocational expert's (VE) testimony is not substantial evidence in support of the ALJ's determination if the hypothetical questions posed to the VE fail to include all the claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam). However, questions that "implicitly account[] for the claimant's limitations" are sufficient to meet this requirement. *See*

*Winschel*, 631 F.3d at 1180–81. The facts on the record indicate that the ALJ neither explicitly nor implicitly alluded to Henry's vision limitations. As the magistrate judge noted in the R&R, the RFC assessment accepts Henry's inability to perform "fine detail work," but it is not clear from the record that "fine detail work" was included to address or did address Henry's vision impairment. The questions posed to the VE focused on the hypothetical person's ability to move around (e.g., balance, stoop, crouch), the level of task on which he could focus and execute, and his ability to respond to supervisors or engage with the public. The VE neither directly nor indirectly addressed the extent to which the hypothetical person could function if blind in his right eye and nearly blind in his left eye. Consequently, the record is insufficient to determine (1) whether Henry could perform the work specified in the RFC—route clerk, collator operator, or blade balancer—with his vision limitations, and if not, (2) whether there was any work available in the national economy that Henry could perform in light of his combined physical limitations.

More importantly, it is unclear from the record whether Henry's vision limitations continue. The ALJ explicitly noted Henry's cataracts diagnosis and impending surgery on his right eye, but it is unclear whether Henry had the surgery, given his asserted financial constraints, and if he did not, whether the vision limitation from which he now suffers meets the criteria for a listing level

10

impairment.  Even if Henry had the surgery, the record does not reflect to what extent his left eye continues to limit him, despite indicating that the left eye should eventually undergo surgery, as well.  These evidentiary gaps prevented the ALJ from making a full, fair, and impartial assessment of Henry's RFC and what jobs he may reasonably pursue.  *See Brown*, 44 F.3d at 935–36.

We hold that the ALJ's RFC assessment is not supported by substantial evidence.  The ALJ did not fulfill the duty to investigate all the facts related to Henry's vision limitations and consider the evidence as a whole in forming the RFC assessment.  *See Cowart*, 662 F.3d at 735; *Spencer*, 765 F.2d at 1093.  The underdeveloped record presents evidentiary gaps that make assessment of Henry's physical limitations unfair and clearly prejudicial.  *See Brown*, 44 F.3d at 935–36.

## IV.  Conclusion

Upon review of the record and consideration of the parties' briefs, we reverse the opinion of the district court and remand the case for further proceedings before the Commissioner consistent with this opinion.  The evidentiary gaps in the record make clear the ALJ did not satisfy his duty to develop a full and fair record, *see id.*, and correlatively, did not consider the evidence as a whole, *see Spencer*, 765 F.2d at 1093.  The ALJ's decision to give limited weight to Dr. Barber's opinion is not supported by substantial evidence because the ALJ based the credibility of Dr. Barber's opinion primarily on a negative inference from Henry's

11

failure to seek additional medical treatment, without regard for Henry's ability to pay for such treatment.  *See* SSR 96-7p at 7.  The ALJ's failure to develop the record with respect to whether financial status prevented Henry from receiving alternate treatment for his back pain and the extent of his visual impairment resulted in an unfair and clearly prejudicial judgment regarding Henry's testimony and the RFC assessment.  *See Brown*, 44 F.3d at 935–36.  Accordingly, we remand for further factual development before the ALJ.

**REVERSED and REMANDED for further proceedings.**