[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12033
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-62923-BB

DARRON FERGUSON,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 5, 2018)

Before TJOFLAT, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Darron Ferguson appeals the district court's order affirming the Commissioner of Social Security's decision denying his application for supplemental security income (SSI).  On appeal, Ferguson argues that (1) he was a qualified alien and met one of the conditions for receiving SSI; (2) a prior ALJ decision issued in 2002 established that he met the alien eligibility requirements for receipt of SSI; and (3) his origin and race were involved in the Commissioner's decision.  After careful review of the parties' briefs and the record, we affirm.

## I.

We review de novo the Administrative Law Judge's application of legal principles, "but we are limited to assessing whether the ALJ's resulting decision is supported by substantial evidence." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1266–67 (11th Cir. 2015) (per curiam).  Substantial evidence is "relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015).  We may not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

To be eligible for SSI, an individual must be a resident of the United States and be either: (1) a citizen, or (2) an alien lawfully admitted for permanent residence or otherwise permanently residing in the United States under color of law.  42 U.S.C. § 1382c(a)(1)(B)(i); 20 C.F.R. §§ 416.202(b), 416.1600.  An alien

2

who is not a qualified alien is not eligible for any federal public benefit.

8 U.S.C. § 1611(a).  A qualified alien includes "an alien who is lawfully admitted

for permanent residence under the Immigration and Nationality Act" at the time he

applies for a federal public benefit.  8 U.S.C. § 1641(b)(1).

Qualified aliens are not eligible for certain federal programs—including

SSI—unless they meet one of the statutory exceptions.  8 U.S.C. §§ 1612(a)(1)-(2),

(a)(3)(A).  There are two exceptions relevant to this appeal.  First, an alien is

eligible if he was receiving SSI on August 22, 1996 and is lawfully residing in the

United States, also termed "grandfathered qualified alien."  8 U.S.C. §

1612(a)(2)(E); *see also* Soc. Sec. Admin., *Program Operations Manual System*, SI

00502.150.  Second, an alien is eligible if he was lawfully residing in the United

States on August 22, 1996, and is blind or disabled.  8 U.S.C. § 1612(a)(2)(F).

Ferguson argues that he is a "grandfathered qualified alien."  But nothing in

the record shows that he was receiving SSI on August 22, 1996.  Thus, this

exception cannot support Ferguson's SSI eligibility.

Ferguson also argues that he was lawfully residing in the United States on

August 22, 1996, and is blind or disabled.  Although Ferguson is likely disabled

within the meaning of the Social Security Act, he did not show that he was

lawfully residing in the United States on August 22, 1996.  He entered the United

States in December 1987 on a B-2 visitor visa.  It expired in June 1988, after which

3

he was not lawfully residing in the United States.  He became a lawful permanent resident on April 18, 1997, after the statutory cutoff.

Accordingly, the Appeals Council's decision, determining that Ferguson was not eligible for SSI until he became a citizen in 2013, is supported by substantial evidence.[1]

## II.

Next, Ferguson argues that a prior ALJ decision issued in 2002 established that he met the alien eligibility requirements for receipt of SSI.  And because he received SSI before, he should receive it again.

An ALJ may refuse to consider an issue on grounds of administrative res judicata when the SSA has made a previous final determination or decision regarding the claimant's rights "on the same facts and on the same issue or issues." 20 C.F.R. § 416.1457(c)(1).

Here, the 2002 ALJ decision was not based on the same facts and issues as the 2015 Appeals Council decision.  The 2002 decision, which determined that Ferguson was disabled and granted him SSI, only addressed whether Ferguson satisfied the requirements for establishing disability.  The decision did not address

---

[1] As to Ferguson's argument that DHS violated his due process rights and furnished the wrong information to the SSA, we do not address matters raised for the first time in a reply brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).  Even if we were to address this argument, Ferguson had the opportunity to supply evidence at several stages of the case, and the evidence that he supplied reflects that he was not a legal resident before August 22, 1996.

his immigration status.  No binding decision existed on the issue of alien eligibility prior to the ALJ's decision in May 2007, which resulted in the 2015 Appeals Council decision at issue.  Thus, res judicata does not apply.[2]

### III.

Finally, Ferguson argues that his origin and race were involved in the Commissioner's decision.  Although we read pro se briefs liberally, a pro se litigant who offers no substantive argument on an issue in his brief abandons the issue on appeal.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority").

Here, Ferguson did not adequately raise the issue on appeal because he mentioned it only in passing and provided no substantive argument.  Thus, he has abandoned it.

**AFFIRMED.**

---

[2] Ferguson also appears to argue that the transcript of the April 7, 2017 hearing was falsified.  He has provided no evidence that transcripts were changed or altered.  Ferguson has failed to support this claim.

5