[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11469
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cv-00495-JSS

WILLIAM O'NEAL,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 8, 2018)

Before JORDAN, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

In proceedings before the Social Security Administration, William O'Neal sought disability insurance benefits based on a torn meniscus. An administrative law judge found that Mr. O'Neal is indeed disabled, but that the onset date of his disability was April 3, 2013, whereas his last date of insurance was December 31, 2012, and that, accordingly, Mr. O'Neal is not entitled to disability insurance benefits. The Appeals Council denied Mr. O'Neal's request for review. The district court affirmed the SSA's conclusion that Mr. O'Neal is not entitled to disability insurance benefits.

Mr. O'Neal insists that his disability onset date was earlier, and argues that the record medical evidence was sufficiently unclear about his disability onset date that the SSA was required to consult a medical expert before making an adverse finding about his onset date. In support of this argument, he cites Social Security Ruling 83-20, which provides that the ALJ "must have a legitimate medical basis" to decide the onset date of a "disabling level of" an impairment, and that the ALJ "should call on the services of a medical advisor when onset must be inferred." SSR 83-20.

Where, as here, "'the ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as [if it were] the Commissioner's final

2

decision.'"  *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (first alteration in original).  We review the ALJ's factfinding under the substantial evidence standard, and we review legal conclusions de novo.  *See id* at 1266–67.

The SSA's decision in Mr. O'Neal's case was not contrary to SSR 83-20. The medical records consistently indicated that Mr. O'Neal's onset date was after his date of last insurance.  Concededly, Mr. O'Neal's disability is based on a degenerative condition, and one which had existed for several years.  And there are numerous medical reports from Mr. O'Neal's doctors from before and after his last date insured.  But none from before Mr. O'Neal's date of last insurance indicated an impairment of disabling severity—notwithstanding that Mr. O'Neal saw doctors for related issues near in time to his date of last insurance.  Notably, in two medical reports from January 2013—postdating Mr. O'Neal's date of last insurance— which included observations during that month of Mr. O'Neal's physical health, and specifically his knee, medical professionals nowhere concluded that Mr. O'Neal had a disabling impairment.  The first medical report stating that Mr. O'Neal's impairment rose to the level of disability was based on an April 3, 2013 examination.

Essentially, Mr. O'Neal asks us to hold that the January 2013 findings by medical professionals do not support a finding of non-disability at that time because testing a few months later confirmed that a degenerative (implicitly: long

in coming) disease had rendered him disabled.  Absent the January 2013 tests, Mr. O'Neal would have a fair argument that more evidence would be needed to infer whether the onset date of his disability was before or after his date of last insurance.  As the record stands, however, this was not a case in which the "onset [date had to] be inferred" (to have occurred sometime prior to the examination that resulted in a disability finding) and in which, consequently, the ALJ needed to "call on the services of a medical advisor" to establish the date.  SSR 83-20.  Here, the ALJ was permitted, without consulting a medical expert, to conclude that Mr. O'Neal's onset date was on or after January 1, 2013.

**AFFIRMED.**