[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13452
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-01790-CLS

TOMMIE JONES,

Plaintiff-Appellant

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 26, 2021)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Tommie Jones disagrees with the SSA's determination that he is not disabled.  So when the Appeals Council denied review and the district court affirmed the Commissioner's ruling, he appealed the decision before this Court.  Because he has not shown reversible error, we affirm.

I.

In 2013, an ALJ found that Tommie Jones was disabled.  His impairments included "mild mental retardation, depression, history of substance abuse," and "mild to moderate degenerative disk disease."  The ALJ found that Jones was under a disability since October 6, 2011.  Eventually, the Social Security Administration notified Jones that he needed to be examined to see if he still met the requirements for the regular or special disability programs.  He did not show up to the examination, and the SSA found that his disability ceased as of March 2017.

Instead of appealing that cessation finding, Jones applied for supplemental security income in August 2017.  He claimed that his disability began on March 11, 2017, and reported problems with his neck, back, legs, arms, and post-traumatic stress disorder that limited his ability to work.  Jones claimed that he did not like anyone, but also that he had no problem with personal care.

Jones also submitted an October 2017 evaluation by psychologist June Nichols.  In her assessment of his ability to concentrate, Dr. Nichols indicated that Jones was unable to spell "world" backwards, but was able to perform "addition, subtraction, and the more complex arithmetic involving multiplication."  She also found that his "[r]ecent memory functions appear to be grossly intact" and that his "[g]eneral fund of knowledge was adequate."  Ultimately, though, Dr. Nichols's

2

diagnostic impression included major depressive disorder, mild intellectual disability, and physical issues including chronic back pain. She also opined that Jones is "likely unable to maintain effective social interaction on a consistent and independent basis with supervisors, coworkers, and the public," and that he is "unable to sustain concentration and persist in a work relate[d] activity at a reasonable pace."

In November 2017, a disability officer determined that Jones was not disabled. The report included a finding that the "level of severity is not fully supported by the objective current MSE." Included were findings by the state consultative psychological consultant, Dr. Register, who noted that, while Jones had some limitations, he "can maintain attention and concentration for at least 2 hours at a time as required in order to perform simple tasks, sufficiently to complete an 8-hour day and a 40-hour week." And in response to the Nichols evaluation, the report found that it "relies heavily on the subjective report of symptoms and limitations provided by the individual, and the totality of the evidence does not support the opinion." Moreover, it found that Nichols's report "contains inconsistencies, rendering it less persuasive."

Jones had a hearing in January 2019. The ALJ noted that Jones did not have counsel. Jones replied that he had representation when he first got his social security benefits, but felt that he "didn't need no other attorney for Social Security" when he "was already on Social Security." So the hearing proceeded, and the ALJ heard from Jones and then from a vocational expert. The ALJ asked the VE two hypotheticals. First, the ALJ asked whether an individual "of Mr. Jones's age,

education, [and] work experience" with various limitations could perform work in the national economy.  The VE replied that he could.  Then, the ALJ asked a second, more limiting hypothetical, adding more limitations—to which the VE replied that such a worker would not be able to perform work in the national economy.

The ALJ found that Jones was not disabled.  In particular, in the five-step process, the ALJ found that Jones's impairment did not render him disabled at step 3, and also found that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  In reaching these findings, the ALJ found the Nichols evaluation to be "only somewhat persuasive."  In particular, the ALJ noted that the Nichols evaluation was not "entirely consistent" with the totality of other evidence.  The ALJ specifically noted that the Nichols evaluation was in tension with Dr. Register's report.

The Appeals Council denied review, so Jones filed a complaint in federal district court.  There, he argued that the ALJ improperly rejected the Nichols evaluation, and that he was entitled to benefits under Listing 12.05(C).  Jones also argued that the ALJ decision was not based on substantial evidence, and that he was prejudiced by the lack of counsel.

The district court affirmed the Commissioner's ruling.  First, the district court found that under the five factors of 20 C.F.R. § 416.920c(c), the ALJ properly found that the Nichols evaluation's conclusions were not controlling.

4

Second, the court recognized that Listing 12.05(C) was removed by the time Jones applied for disability benefits, and found that Jones did not show that he qualified under the other regulations.  Third, the court found that the Commissioner's ruling was supported by substantial evidence, because the hypothetical posed to the vocational expert contained "all of the limitations the ALJ defined in [Jones's] residual functional capacity."  And fourth, the court found that Jones did not show prejudice from lack of counsel.

So Jones appeals.

## II.

"In social security cases where the ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision."  *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (internal quotation marks omitted) (alterations adopted).  While our review of the legal principles on which the ALJ relied is de novo, we "are limited to assessing whether the ALJ's resulting decision is supported by substantial evidence."  *Id.* at 1266–67.  And substantial evidence "as to the Secretary's factual findings is more than a scintilla, but less than a preponderance."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

## III.

Jones raises three arguments before us.  *First*, he argues that he did not have counsel at his hearing, and was prejudiced thereby.  *Second*, he argues that the ALJ did not properly consider the opinion of Dr. Nichols.  *Third*, Jones argues that the district court's finding that he was not entitled to benefits under Listing 12.05 was

5

not supported by substantial evidence.  We address each of these arguments in turn.

## A.

First up is Jones's contention that his lack of counsel at his hearing was reversible error.  However, even assuming that Jones is correct that he wrongfully lacked counsel, that alone is not enough for reversal.  We have held that "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).  And speculation that a lack of counsel provided such prejudice is not enough.  *See Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982).

Speculation is all that Jones provides to this Court.  He argues that, with counsel, he could have "[prepared] and submit[ted] a timely statement by a treating physician," "[developed] a better Record of claimant's disabling pain and anxiety," "[presented] the chiropractic records," and "[c]ross examined the [vocational expert]."  But it is Jones's burden to show prejudice, and merely asserting that his counsel might have been more successful than he was is not enough to meet that standard.

## B.

Second, Jones argues that the ALJ erred in finding Nichols's opinion to be only "somewhat persuasive."  Jones gives two reasons to find the ALJ's assessment to be error—(1) he asserts that the ALJ had a duty to recontact Dr.

6

Nichols for clarification, and (2) he contends that the ALJ improperly discounted Dr. Nichols's opinion, without giving grounds for doing so. Neither are convincing.

To support his claim that the ALJ should have recontacted Dr. Nichols, Jones relies upon *Johnson v. Barnhart*, 138 F. App'x 266, 270–71 (11th Cir. 2005), an unpublished case from this Circuit. In *Johnson*, this Circuit stated that if "after weighing the evidence, the Commissioner cannot reach a determination, then she will seek additional information or recontact the physicians." *Id.* at 270. But saying the ALJ can sometimes reach out to a physician if necessary is not the same thing as saying that the ALJ must always reach out to a physician. The ALJ here *was* able to reach a determination, so even under Jones's rule there is no occasion for recontacting Dr. Nichols.[1]

The ALJ also did not err when it only found Nichols's opinion to be "somewhat persuasive." Jones mostly seems to argue that we should adopt the Seventh Circuit's rule of considering an ALJ's "decision to go against the only medical evidence in the case" with "a degree of suspicion." *Wilder v. Chater*, 64 F.3d 335, 337 (7th Cir. 1995). But the Seventh Circuit's opinion is not binding upon us, and in this case the ALJ explicitly noted that Nichols's opinion was in tension with the findings of a state agency psychological consultant. Jones has not brought any controlling case law before us to show that the ALJ erred in its

---

[1] Moreover, the current regulations provide that, when the Commissioner is unable to reach a conclusion of whether the claimant is disabled, it "*may* recontact [the claimant's] medical source." 20 C.F.R. § 416.920b(b)(2)(i) (emphasis added). And that is only one of four possible actions listed in that section. *Id.*

assessment of Nichols's opinion, and does not explain why he thinks the ALJ's report did not provide "some measure of clarity" as to its assessment. So we have no issue affirming the Commissioner here as well.

C.

Finally, Jones asserts that the ALJ's decision that Jones was not entitled to benefits under Listing 12.05 was not supported by substantial evidence. As an initial matter, Jones only argued before the agency and the district court that he was entitled to benefits under Listing 12.05(C). We generally do not reach arguments that were not raised before the administrative agency or the district court. *Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999).

To the extent Jones did preserve that argument, though, he has failed to show that he was entitled under Listing 12.05. The only applicable provision Jones points us to in his initial brief is Listing 12.05(B), which requires showing "[s]ignificant deficits in adaptive functioning." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. The ALJ found that Jones did not meet the requirements of that listing. As we said earlier, substantial evidence must be more than a scintilla, but does not even need to reach a preponderance. *Martin*, 894 F.2d at 1529.

The ALJ only found "moderate" limitations in such categories as concentrating, interacting with others, and adapting or managing oneself. In reaching those findings, the ALJ cited to the opinion of Dr. Register, a function report, a disability determination explanation, and information from the CED Mental Health Center. Jones argues with the ALJ's conclusion, but he does not

8

give us any reason to find that the ALJ relied on less than a "scintilla" to reach its conclusion.  So here, too, Jones's claim does not succeed.

## IV.

The substantial evidence standard is a hard one for claimants to overcome. That is so here.  **AFFIRMED**.