[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11825

Non-Argument Calendar

_____

LATONYA PRITCHETT,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cv-00652-B

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Latonya Pritchett appeals the district court's order affirming the Commissioner of Social Security Administration's (Commissioner) denial of her application for disability insurance benefits (DIB). Pritchett argues that the administrative law judge (ALJ) erred in finding that the Commissioner met its burden of showing that a substantial number of jobs exist in the national economy which Pritchett can perform. Because the ALJ's decision is supported by substantial evidence, we affirm.

## I.

Pritchett applied for DIB in July 2018, alleging disability beginning on February 1, 2016, based on back injury, post-traumatic stress disorder, depression, left shoulder injury, sleep apnea, anxiety, migraines, and memory loss. After the Commissioner denied Pritchett's application, she requested a hearing before an ALJ.

At the March 2019 administrative hearing, vocational expert (VE) Vicky Pratton testified about Pritchett's past work experience. After testifying that Pritchett could not return to her past work, the ALJ posed a hypothetical question to the VE using the functional limitations set forth in Pritchett's residual functional capacity (RFC) assessment, including the restrictions of sitting for no more than ten minutes at a time and standing for no more than ten minutes at a time. When the ALJ asked whether there were jobs

21-11825                Opinion of the Court                3

in the national economy which a claimant with those limitations could perform, the VE stated:

> Your Honor, I would normally say that would fall into the range of sedentary but looking at the limitations to sitting it seems very restrictive to only be able to sit ten minutes at a time and do a sedentary job and then it sounds like there would be a lot of constant up and down . . . that could be problematic in a sedentary job. There might be some jobs identified. But it -- it would be difficult.

The VE then testified that such a claimant could perform the jobs of surveillance system monitor and document preparer, and that there were approximately 96,000 and 2,800,000 of these jobs in the national economy, respectively. After listing both jobs, the VE said that she even had her doubts about whether the claimant could perform the role of surveillance system monitor "because it could be very routine and repetitive but if a crisis came it may get out of that realm of repetitive work."

The VE testified about the limitations posed by a claimant's ten-minute limit on sitting and provided the following example:

> Let's say they were doing something like final assembler where they were . . . putting together eyeglass frames. Then they could probably do the job but it would require an accommodation of the work site so that you had the table that you would normally sit to

do the work but another area right beside where you could sit or stand, kind of like those desks they've got now.

The VE continued by saying that, even with an adjustable desk, "the way you have to jack it up and down, if it was every ten minutes it would be prohibitive." The VE concluded her testimony in response to the hypothetical by stating that "it's a challenging hypothetical Your Honor. Not impossible to work under those circumstances, but if I was a vocational consultant working with a person that had these kind of limitations I would want to go in and make sure the work space could accommodate that up and down."

Based on the VE's testimony, the ALJ concluded, at step five of the sequential analysis, that Pritchett was not disabled—and therefore did not qualify for DIB—because she could still work as a surveillance system monitor and a document preparer, and a significant number of those jobs existed in the national economy.

After exhausting her administrative appeals, Pritchett filed suit in the district court. The district court rejected the ALJ's finding as to the surveillance system monitor jobs, finding certain VE testimony too uncertain to be deemed substantial evidence. Nevertheless, the district court affirmed the denial of benefits, finding that substantial evidence supported the ALJ's finding that Pritchett could work as a document preparer.

Pritchett now argues that the Commissioner failed to show that there were a significant number of document preparer jobs in the national economy that would accommodate her specific need for both stationary seated and stationary elevated workspaces. Specifically, she contends that the VE's use of the term "not impossible" was an ambiguous double negative that could not constitute substantial evidence. Further, she argues that the estimates of the number of available jobs failed to take her specific need for two desks into account.

In response, the Commissioner argues that the ALJ's findings are supported by substantial evidence, and that the district court erred in finding that substantial evidence did not support the ALJ's finding that Pritchett could perform the surveillance system monitor work.

## II.

In a social security case, we review the agency's legal conclusions de novo, and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Id.* (alteration adopted). Thus, so long as it is supported by

substantial evidence, we must defer to the ALJ's decision, even if the evidence may preponderate against it. *Ingram*, 496 F.3d at 1260.

An individual claiming DIB must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). The social security regulations establish a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1).

During the first four steps, the ALJ found that: (1) Pritchett was not engaged in substantial gainful activity; (2) Pritchett had one or more severe impairments; (3) her impairments did not meet or equal a listed impairment; and (4) based on her RFC Pritchett could not perform her past relevant work. These findings are uncontested. Pritchett's appeal thus concerns only the fifth and final step in the sequential analysis—whether "there is other work available in significant numbers in the national economy that the claimant has the ability to perform." *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). One of the ways an ALJ may make this determination is by obtaining the testimony of a VE. *Id.* at 1240. In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments and limitations. *See Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1269 (11th Cir. 2015) (per curiam).

### III.

Here, we conclude that substantial evidence supports the ALJ's finding that Pritchett could perform the work of a document preparer, and that such work existed in significant numbers in the national economy. The hypothetical outlined above that the ALJ posed to the VE comprised all of Pritchett's impairments as reflected in her RFC. While the VE gave equivocal testimony regarding Pritchett's ability to work as a surveillance system monitor, the VE did not express any reservations about Pritchett's ability to perform the document preparer job given her RFC. Although the VE stated that it would be "better" for Pritchett to have two separate tables at a work site, she later qualified that statement by adding that it was "not impossible to work under those circumstances." In any event, Pritchett's RFC did not identify a need for two desks.

The ALJ interpreted the VE's testimony as evidence that a significant number of document preparer jobs that Pritchett could perform existed in the national economy—even if she might require certain accommodations to do so—and we will not substitute our judgment for that of the Commissioner.[1] *See Winschel*, 631 F.3d at 1178. Thus, we affirm the denial of benefits.

**AFFIRMED.**

---

[1] Because substantial evidence supports the ALJ's finding as to the document preparer job, we decline to reach the Commissioner's argument that the district court improperly found substantial evidence lacking as to the ALJ's finding that Pritchett could perform the surveillance systems monitor job.