[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-14073

Non-Argument Calendar

_____

RITA ARGUIJO GARCIA,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-02175-AEP

_____

Before JORDAN, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

Rita Arguijo Garcia appeals the district court's order affirming the decision of the Commissioner of the Social Security Administration denying her claim for benefits. Ms. Arguijo Garcia appeared before an administrative law judge who denied her application after finding that she was not disabled. She then filed a request for review with the Appeals Council, which denied her request and did not provide for a protective filing date relating back to her original application for benefits. On appeal, Ms. Arguijo Garcia argues that Social Security Ruling 11-1p, one of the SSA's regulations, is unconstitutional because it denies claimants equal protection under the law as guaranteed by the Fifth Amendment. The problem, she says, is that Ruling 11-1p provides for a protective filing date to some claimants but not others. Because Ruling 11-1p has a rational basis, we affirm.

## I

Ms. Arguijo Garcia applied for a period of disability, disability insurance benefits, and supplemental security income on December 31, 2019, alleging disabling conditions that made her unable to work. As part of her application, she stated that her date of birth was May 31, 1967. The SSA denied her application both on initial review and following a request for review.

On October 7, 2021, an administrative law judge held a hearing on Ms. Arguijo Garcia's application. The ALJ issued his

decision on November 12, 2021, and found that Ms. Arguijo Garcia was not disabled under the Medical-Vocational Rules, which made her ineligible for the benefits she had requested.  Ms. Arguijo Garcia then requested review of the ALJ's decision before the Appeals Council.  She attached a letter from her attorney stating that she would turn 55-years-old in a few months and be deemed disabled.  The Appeals Council denied Ms. Arguijo Garcia's request for review, finding no grounds that would warrant a departure from the ALJ's decision.

Ms. Arguijo Garcia filed a complaint in district court seeking review of the Commissioner's decision.  She asserted that the Appeals Council erred in determining that she was not entitled to a protective filing date relating back to the date of her initial application.  Ms. Arguijo Garcia alleged that Social Security Ruling 11-1p, which sets out procedures and requirements when a request for review is filed before the Appeals Council, violates her right to equal protection because it denies claimants who do not possess new and irrelevant evidence to obtain a protective filing date while allowing claimants to receive a protective filing date if they submit new but irrelevant evidence.  The district court affirmed the SSA's decision, concluding that Ms. Arguijo Garcia was not entitled to a protective filing date and her equal protection challenge lacked merit.  Ms. Arguijo Garcia now appeals.

## II

This appeal involves a challenge to SSA Ruling 11-1p, so we begin by discussing its history.  In 2011, the SSA revised its

procedure for processing subsequent disability claims.  *See* Procedures for Handling Requests to File Subsequent Applications for Disability Benefits, SSR 11-1p, 76 Fed. Reg. 45,309-03, 45,310 (July 28, 2011).  From 1999 to 2011, claimants were permitted to file a subsequent disability claim while a prior disability claim was pending review by the Appeals Council, such that two applications for disability benefits could be pending at the same time.  *See id.*  The SSA observed that the ability for simultaneous review, paired with an increasing number of subsequent disability claims, could lead to conflicting and potentially irreconcilable decisions on claims for benefits.  *See id.*  The SSA also noted that subsequent claims could result in improper payments, increased administrative costs, and unnecessary workloads because of duplicated efforts.  Due to those concerns, the SSA implemented the new procedures adopted in Ruling 11-1p.  *See id.*

Ruling 11-1p provides that a claimant is generally not allowed to have two claims for the same type of benefits pending at the same time.  *See id.*  Claimants with a new disability claim can either pursue an appeal or start a new application but are no longer allowed to do both simultaneously.  *See id.*  A claimant is not precluded, however, from reporting new medical conditions or a worsening in her existing medical conditions, and she may submit any information or evidence that she feels is helpful to her pending disability claim.  *See id.*; *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015).

Upon receipt of new information, the Appeals Council evaluates the following: (1) whether the evidence submitted by the claimant relates to the period before or after the date of the ALJ's decision, *see* SSR 11-1p, 76 Fed. Reg. at 45,310; 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5); and (2) whether the evidence is new and material, and relates to the date before the ALJ decision, *see* SSR 11-1p, 76 Fed. Reg. at 45,311; 20 C.F.R. §§ 404.970(c), 416.1470(c). If the evidence relates to the period on or before the date of the ALJ's decision and is new and material, then it will be considered with the record previously provided for adjudication by the Appeals Council. If the new and material evidence relates to the period after the ALJ decision, however, the evidence will be returned to the claimant with a notice explaining why it was rejected. When the evidence is returned to the claimant, the SSA will also provide a protective filing date that establishes the date of the claimant's request for review as the filing date for her new claim. *See* SSR 11-1p, 76 Fed. Reg. at 45,311; 20 C.F.R. §§ 404.970(c), 416.1470(c).[1]

### III

We review *de novo* the application of legal principles by the ALJ and the district court, but with respect to facts we only review

---

[1] The SSA defines "protective filing date" as the date the claimant first contacts the agency about filing for benefits and indicates that such date may be used to establish an earlier application date than when the SSA receives the claimant's signed application. *See Glossary of Soc. Sec. Terms*, Soc. Sec. Admin., https://www.ssa.gov/agency/glossary (last visited Mar. 31, 2025).

whether the ALJ's resulting decision is supported by substantial evidence. *See Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1266–67 (11th Cir. 2015). We also review *de novo* a constitutional challenge to an administrative rule or regulation. *See Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997).

## IV

Ms. Arguijo Garcia contends that Ruling 11-1p violates the Fifth Amendment's guarantee to equal protection. She argues that Ruling 11-1p treats claimants more favorably when they submit additional evidence that is ultimately deemed chronologically irrelevant as compared to those who do not possess such evidence to submit along with a request for review before the Appeals Council.

The Fifth Amendment provides that no one shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Supreme Court has interpreted the Fifth Amendment's due process guarantee to include preventing the federal government from denying individuals equal protection under the laws. *See Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975) (citing cases). Equal protection claims under the Fifth Amendment are analyzed under the same standards established for equal protection claims under the Fourteenth Amendment. *See id.*; *Sessions v. Morales-Santana*, 582 U.S. 47, 52 n.1 (2017). As a result, the federal government must treat "similarly situated persons in a similar manner." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009).

Should a statute or regulation "classif[y] persons in such a way that they receive different treatment under the law, the degree of scrutiny the court applies depends upon the basis of the classification." *Morales-Santana*, 582 U.S. at 52 n.1 (internal quotation marks omitted). Unless the classification is made on the basis of race, another suspect classification, or impinges on a fundamental right, it "need only have a rational basis" to comply with the Fifth Amendment guarantee to equal protection. *Id.* In such a case we review whether the statute or regulation is "rationally related to a legitimate government purpose." *Id.*

Another panel of this court has assessed whether Ruling 11-1p violates equal protection principles under rational basis review in *Williams v. Commissioner of Social Security*, No. 21-10920, 2022 WL 791711 (11th Cir. Mar. 16, 2022). Though *Williams* does not bind us, we find its reasoning persuasive because it thoroughly addressed the same constitutional question under near identical facts.[2]

In *Williams*, the claimant similarly applied for Social Security benefits and included her date of birth on her application, which established she was 52 years old. *See id.* at *3. After a hearing, the ALJ found she was not disabled, in part considering her age as "an

---

[2] As in *Williams*, Ms. Arguijo Garcia submitted a letter from her attorney along with her request for review before the Appeals Council explaining that her age would be used to deem her disabled. And, as in *Williams*, Ms. Arguijo Garcia's date of birth was already submitted with her application for benefits prior to the date of the ALJ's decision.

individual closely approaching advanced age[.]" *Id.* The claimant then appealed and included a letter from her attorney stating that she would turn 55-years-old in three months, which would qualify her as disabled. *See id.* at *4. The Appeals Council denied her request for review and did not provide a protective filing date. *See id.* The claimant subsequently filed suit, arguing that SSR 11-1p is unconstitutional based on the difference in how "the SSA treated claimants who submitted additional evidence to the Appeals Council that was deemed to be not chronologically relevant to those claimants who submitted no additional evidence." *Id.*

Applying rational basis review, the *Williams* panel found "a rational relationship between this disparate treatment and a legitimate government purpose." *Id.* at *8. It reasoned that while a claimant may sometimes know that additional evidence relates only to the period following the date of the ALJ's decision and would not be considered by the Appeals Council, at other times it may not be apparent to a claimant whether the evidence is in fact chronologically relevant such that the Appeals Council would need to determine its relevance. *See id.* In such cases, the panel explained that it would be reasonable for the SSA to allow those claimants "to have the benefit of a protective filing date." *Id.*

We are persuaded by the panel's reasoning in *Williams* and adopt its analysis as we evaluate Ruling 11-1p under rational basis review in this appeal. Because there is a rational relationship between the disparate treatment of these claimants—individuals who submit additional evidence that may not be chronologically

relevant and individuals who do not possess chronologically irrelevant evidence to submit as additional evidence with a request for review before the Appeals Council—and the SSA's administration of its government benefits program, there is a rational basis for Ruling 11-1p.

Ms. Arguijo Garcia has failed to carry her burden "to negate every conceivable basis" that might support Ruling 11-1p. *Leib*, 558 F.3d at 1306. Ruling 11-1p therefore does not violate the Fifth Amendment's guarantee to equal protection. *See Eknes-Tucker v. Governor of Ala.*, 80 F.4th 1203, 1220 (11th Cir. 2023) (en banc), *cert. dismissed sub nom. United States v. Att'y Gen. of Ala.*, No. 24-582, 2025 WL 559729 (U.S. Feb. 19, 2025) (explaining that rational basis review is highly deferential to government action).

## IV

For the reasons discussed above, we affirm the judgment of the district court.

**AFFIRMED.**