**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10138

Non-Argument Calendar

_____

BELINDA BELAJONAS,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:23-cv-00628-DNF

_____

Before JILL PRYOR, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Belinda Belajonas appeals the district court's order affirming the Commissioner of the Social Security Administration's denial of her claim for disability insurance benefits and supplemental

security income. Belajonas fails to challenge whether substantial evidence supports the Commissioner's decision or whether the Commissioner applied the correct legal standard in denying her applications for benefits. For that reason, we affirm the district court's decision.

## I.    BACKGROUND

Belinda Belajonas applied for disability insurance benefits ("DIBs") and supplemental security income ("SSI"), alleging March 3, 2020, as the disability onset date. Belajonas asserted that she was unable to work due to a stroke, heart, hand, wrist, and knee problems, high cholesterol, and high blood pressure. After the Commissioner denied her applications, Belajonas requested a hearing before an administrative law judge ("ALJ"). On May 17, 2023, the ALJ determined Belajonas was not disabled and denied her applications for benefits.

On June 17, 2023, Belajonas asked the Appeals Council to review the ALJ's decision and submitted additional medical records that pre-dated and post-dated the ALJ's decision. The Appeals Council denied her request for review. The Appeals Council stated that the newly submitted medical records did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." Belajonas filed a complaint challenging the Commissioner's denial of her SSI and DIBs claims. After the parties consented, the magistrate judge entered an order affirming the Commissioner's decision. This appeal followed.

## II.    STANDARD OF REVIEW

We review Social Security cases to determine whether the Commissioner's decision was supported by substantial evidence and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). If an ALJ "denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). When the Appeals Council considers new evidence and still denies review, we review "whether that new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007). Additionally, "whether evidence meets the new, material, and chronologically relevant standard is a question of law subject to our de novo review." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320–21 (11th Cir. 2015) (citation modified) (per curiam).

## III.    DISCUSSION

Belajonas argues that the district court gave inconsistent reasoning in finding that the additional evidence she submitted to the Appeals Council would not have changed the ALJ's decision and that SSR 11-1p did not apply. We provide an overview of the applicable law before addressing Belajonas' argument.

"Generally, a claimant may present evidence at each stage of the administrative process." *Hargress v. Soc. Sec. Admin., Comm'r*, 888 F.3d 1302, 1308–09 (11th Cir. 2018) (citing *Ingram*, 496 F.3d at 1261 and 20 C.F.R. §§ 404.900(b), 416.1400(b)). The Appeals Council will review a claimant's case after the ALJ issues a decision if the

claimant submits additional evidence that is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the [ALJ's] decision."[1] 20 C.F.R. § 404.970(a)(5); *see also* Social Security Ruling ("SSR") 11-1p, 76 Fed. Reg. 45309, 45310–11 (July 28, 2011). New evidence is material if a "reasonable possibility exists that the evidence would change the administrative result." *Hargress*, 888 F.3d at 1309 (citing *Washington*, 806 F.3d at 1321). Evidence is chronologically relevant if it "relates to the period on or before the date of the ALJ's hearing decision." *Id*. (alteration adopted).

"Social Security Rulings are agency rulings published under the authority of the Commissioner of Social Security and are binding on all components of the Administration." *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990) (citation modified). Social Security Ruling 11-1p provides that when a claimant submits additional evidence to the Appeals Council that "does not relate to the period on or before the date of [the claimant's] hearing decision," the Appeals Council will return that additional evidence, explain why it did not accept the evidence, and, "under certain circumstances," it will consider the date the claimant filed her request for Appeals Council

---

[1] The regulations also require the claimant to set forth "good cause for not informing [the Social Security Administration] about or submitting the [additional] evidence" to the ALJ for the Appeals Council to consider it. 20 C.F.R. § 404.970(b). The Appeals Council did not dispute that Belajonas demonstrated good cause in reviewing new evidence, and the Commissioner does not dispute that good cause was demonstrated on appeal.

review as the date she filed a new claim for benefits. SSR 11-1p, 76 Fed. Reg. at 45311.

At the district court level, Belajonas argued that some of the additional records she submitted to the Appeals Council were material. She alternatively argued that some of the records were not chronologically relevant, and thus, SSR 11-1p applied, making the date she filed her request for Appeals Council review the date she filed a new claim for benefits. On appeal, Belajonas challenges the district court's reasoning, noting that in one portion of its order, the court stated that SSR 11-1p did not apply because the Appeals Council did not determine that the records were "not chronologically relevant." Elsewhere, the court stated that the records "do not relate to the relevant period or before the [ALJ's] decision." Thus, Belajonas urges us to reverse and remand for the district court to correct its purportedly contradictory findings on the chronological relevance of her additional records.

Even assuming there is tension between these portions of the district court's order, we "neither defer to nor consider any errors in the district court's [order]" when reviewing the Commissioner's decision. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam). As the Commissioner points out, Belajonas challenges the district court's rationale rather than the Appeal's Council's finding that the additional records were not material—the only issue we may review. *See Winschel*, 631 F.3d at 1178. Thus, Belajonas has abandoned any argument regarding the merits of the Appeals Council's decision by failing to challenge it in

her brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014) (explaining that a claim is abandoned if a party offers no argument or citation supporting it).

Belajonas also asserts, in the standard of review section of her brief, that the district court "erred as a matter of law in finding that there was substantial record evidence to conclude that the [a]dministrative [l]aw [j]udge['s] . . . decision should be affirmed." She otherwise offers no argument or authority supporting a result contrary to the district court's determination and therefore has waived any challenge to whether substantial evidence supported the Commissioner's decision. *Id.* at 681 ("[A]n appellant abandons a claim when [they] either make only passing references to it or raise it in a perfunctory manner without supporting arguments and authority.") (citation modified).

Finally, as to Belajonas' contention that SSR 11-1p applies, it applies only when the Appeals Council determines that newly submitted evidence is not chronologically relevant. That did not happen here because the Appeals Council determined that the medical records were chronologically relevant but not material, a determination Belajonas does not challenge on appeal. *Id.*

## IV.    CONCLUSION

We thus affirm the Commissioner's decision denying Belajonas' DIBs and SSI applications.

**AFFIRMED.**